**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN T. WILLIAMS, | 3:20-cv-00019-RCJ-CLB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the court is Plaintiff John T. Williams's ("Williams"), application to proceed *in forma pauperis* (ECF No. 1), *pro se* civil rights complaint (ECF No. 1-1), and motion for appointment of counsel (ECF No. 3).  For the reasons stated below, the court recommends that Williams's *in forma pauperis* application (ECF No. 1) be granted, his complaint (ECF No. 1-1) be dismissed without prejudice, and his motion for appointment of counsel (ECF No. 3) be denied as moot.

**I.      *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

[1]     This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

2  The application must be made on the form provided by the court and must include a financial

3  affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he

4  supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity,

5  definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation

6  marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits

7  of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

8         A review of the application to proceed IFP reveals Williams cannot pay the filing fee;

9  therefore, the court recommends that the application (ECF No. 1) be granted.

10  **II.    SCREENING STANDARD**

11        Prior to ordering service on any defendant, the Court is required to screen an *in forma*

12  *pauperis* complaint to determine whether dismissal is appropriate under certain

13  circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28

14  U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for

15  the enumerated reasons). Such screening is required before a litigation proceeding *in forma*

16  *pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir.

17  2015).

18        "[T]he court shall dismiss the case at any time if the court determines that – (A) the

19  allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii)

20  fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against

21  a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

22        Dismissal of a complaint for failure to state a claim upon which relief may be granted

23  is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

24  tracks that language. When reviewing the adequacy of a complaint under this statute, the

25  court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v.*

26  *Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

27  plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)

1    is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

2    claim.").  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See*

3    *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

4            The Court must accept as true the allegations, construe the pleadings in the light

5    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v.*

6    *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Allegations in pro se complaints

7    are "held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Hughes v.*

8    *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

9            A complaint must contain more than a "formulaic recitation of the elements of a cause

10   of actions," it must contain factual allegations sufficient to "raise a right to relief above the

11   speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading

12   must contain something more. . . than. . . a statement of facts that merely creates a suspicion

13   [of] a legally cognizable right of action."  *Id.* (citation and quotation marks omitted).  At a

14   minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible

15   on its face."  *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

16           A dismissal should not be without leave to amend unless it is clear from the face of

17   the complaint the action is frivolous and could not be amended to state a federal claim, or

18   the district court lacks subject matter jurisdiction over the action.  *See Cato v. United States*,

19   70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

20   **III.    SCREENING OF COMPLAINT**

21           In the 117-page complaint (including exhibits), Williams presents a disjointed diatribe

22   that has its basis in criminal proceedings.  While Williams asserts he is bringing his action

23   for damages under the guise of the Federal Tort Claims Act and various other common law

24   or state torts and federal statutes, Williams essentially takes issue with underlying criminal

25   proceedings and convictions that occurred in the State of Georgia. (ECF No. 1-1.)

26           Williams only names the United States of America as a defendant in the caption but

27   also lists the names of various other defendants in the body of the complaint: Edith Ramirez,

1  Valerie Verduse, Jessica Rich, Jonathan Nuechterlein, Deborah Marrone, McCalla Raymer

2  Peirce LLC, Bank United Mortgage, Willard Wrecker Service, Ace Homes LLC, City of

3  Lawrenceville, Robin Rock, and Marcela Mateo. (*Id.* at 1, 23-25.)

4       A civil action must be brought in (1) a judicial district in which any *defendant* resides,

5  if all defendants reside in the same state where the district is located, (2) a judicial district in

6  which a substantial part of the events or omissions giving rise to the claim occurred, or a

7  substantial part of property that is the subject of the action is situated, or (3) a judicial district

8  in which any defendant is subject to personal jurisdiction at the time the action is

9  commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C.

10  § 1391(b).

11       There is no indication that any of the individual defendants reside in the District of

12  Nevada.  Instead, the factual allegations, while confusing, reveal that the underlying criminal

13  proceeding took place in the District of Georgia.

14       Further, while Williams sues the United States under the Federal Tort Claims Act, the

15  allegations do not state a claim under the Federal Tort Claims Act ("FTCA").  The FTCA

16  permits individuals to sue the government for money damages to compensate for injuries

17  arising out of the negligent acts of government employees. *See* 28 U.S.C. § 1346(b)(1).  The

18  conduct that is the subject of the complaint is not the negligent acts of government

19  employees, but specific conduct undertaken with respect to the underlying criminal

20  proceeding(s).  If Williams wishes to challenge his conviction(s), his remedy is a direct

21  appeal in the court where the conviction was rendered, or possibly, federal habeas relief

22  after administrative remedies are exhausted.  Thus, Williams does not state a colorable

23  claim against the United States under the Federal Tort Claims Act.

24       In sum, Williams has not alleged that any defendant resides in the District of Nevada,

25  that any of the events giving rise to the action transpired here and he has not otherwise

26  alleged any connection to this District.  Therefore, it appears the court lacks personal

27  jurisdiction over the defendants and venue is improper here.   The action should be

1  dismissed, without prejudice, only to the extent Williams may file a complaint stating

2  plausible claims for relief in the correct court.

3       In light of this Report and Recommendation, the court also recommends that

4  Williams's motion for appointment of counsel (ECF No. 3) be denied as moot.

5  **IV.   CONCLUSION**

6       Consistent with the above, the court finds that dismissal is warranted based on a lack

7  of personal jurisdiction and improper venue.

8  The parties are advised:

9       1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

10  Practice, the parties may file specific written objections to this Report and Recommendation

11  within fourteen days of receipt.   These objections should be entitled "Objections to

12  Magistrate Judge's Report and Recommendation" and should be accompanied by points

13  and authorities for consideration by the District Court.

14       2.   This Report and Recommendation is not an appealable order and any notice

15  of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

16  Court's judgment.

17  **V.   RECOMMENDATION**

18       **IT IS THEREFORE RECOMMENDED** that Williams's application to proceed *in forma*

19  *pauperis* (ECF No. 1) be **GRANTED**;

20       **IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Williams's complaint (ECF

21  No. 1-1);

22       **IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED,**

23  **WITHOUT PREJUDICE**, to the extent Williams can assert plausible claims for relief in the

24  correct court;

25       **IT IS FURTHER RECOMMENDED** that the motion for appointment of counsel (ECF

26  No. 3) be **DENIED** as moot; and

27  ///

1    **IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment

2    be entered accordingly.

3    **DATED:**  May 4, 2020.

4    _____

     **UNITED STATES MAGISTRATE JUDGE**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27